**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JANE DOE 1,** | : | |
| **Individually and on behalf of** | | |
| **all others similarly situated,** | : | |
| | | **Case No. 2:18-cv-443** |
| **AND** | : | |
| | | **Judge:** |
| **JANE DOE2,** | : | |
| **Individually and on behalf of** | | **Magistrate Judge:** |
| **all others similarly situated,** | : | |
| | | |
| **AND** | : | |
| | | |
| **JANE DOE 3** | : | |
| **Individually and on behalf of** | | |
| **all others similarly situated** | : | |
| | | |
| **Plaintiffs,** | : | |
| | | |
| **v.** | : | |
| | | |
| **VM3015, INC.,** | : | |
| | | |
| **d/b/a The Doll House of Columbus** | : | |
| **1680 Karl Court** | | |
| **Columbus, Ohio 43229** | : | **CLASS ACTION COMPLAINT** |
| | | **JURY DEMAND ENDORSED** |
| | : | **HEREON** |
| **Serve Also Its Registered Agent** | | |
| **Keith E. Golden** | : | |
| **923 E. Broad Street** | | |
| **Columbus, Ohio 43205** | : | |
| | | |
| **AND** | : | |
| | | |
| **HOUSE OF BABES** | : | |
| **2595 South High Street** | | |
| **Columbus, Ohio 43207** | : | |
| | | |
| **AND** | : | |

**LL ENTERTAINMENT, LLC,**                    :

       **d/b/a Private Dancer Club**          :
       **3609 Trabue Road**
       **Columbus, Ohio 43228**               :

       **Serve Also Its Registered Agent**     :
       **C. William Klausman**
       **75 E. Gay Street, Suite 300**         :
       **Columbus, Ohio 43215**
                                             :

**AND**
                                             :

**X GENTLEMEN'S CLUB**
       **6223 Sunderland Drive**              :
       **Columbus, Ohio 43229**
                                             :

**AND**
                                             :

**CHEEKS GENTLEMEN'S CLUB**
       **906 Water Tower Lane**               :
       **West Carrollton, Ohio 45449**
                                             :

**AND**
                                             :

**CLUB ROG**
       **2460 W. McPherson Way**              :
       **Fremont, Ohio 43420**
                                             :

**AND**
                                             :

**NL CORP., INC.,**                           :

       **d/b/a Diamonds Cabaret**             :
       **960 Miamisburg Centerville Road**
       **Washington Township, Ohio 45459**    :

       **Serve Also Its Registered Agent**     :
       **Michael Boutros**
       **5785 Far Hills Avenue**              :
       **Dayton, Ohio 45429**
                                             :

**AND**

2

**SCARLETT'S CABARET TOLEDO**                     :
    **5765 Telegraph Road**
    **Toledo, Ohio 43612**                         :

**AND**                                             :

**PSG FOODS, LLC,**                                 :

    **d/b/a Platinum Showgirls**                :
    **5801 Telegraph Road**
    **Toledo, Ohio 43612**                         :

    **Serve Also Its Registered Agent**         :
    **C. William Klausman**
    **75 E. Gay Street, Suite 300**             :
    **Columbus, Ohio 43215**
                                                :

**AND**                                             :

**HSG FOODS, LLC,**                                 :

    **d/b/a Hush Showgirls**                    :
    **532 S. Reynolds Road**
    **Toledo, Ohio 43615**                         :

    **Serve Also Its Registered Agent**         :
    **Naqid Hasan**
    **532 S. Reynolds Road**                       :
    **Toledo, Ohio 43615**

**AND**                                             :

**TOP HAT GENTLEMEN'S CLUB**                        :
    **1901 Ashland Road**
    **Mansfield, Ohio 44905**                      :

**AND**                                             :

**COUNTRY TIME**                                    :
    **1006 County Highway 330**
    **Nevada, Ohio 44849**                         :

**AND**                                             :

**SHARKEY'S LOUNGE**                     :
     **6028 N. Dixie Drive**
     **Dayton, Ohio 45414**               :

**AND**                                  :

**PINUPS AND PINTS**                     :
     **10963 Lower Valley Pike**
     **Medway, Ohio 45341**               :

**AND**                                  :

**PAZZAZZ SHOW CLUB**                    :
     **8911 Kingsridge Drive**
     **Dayton, Ohio 45458**               :

**AND**                                  :

**SHOWTIME GENTLEMEN'S CLUB**            :
     **2921 Crider Road**
     **Mansfield, Ohio 44907**            :

**AND**                                  :

**NEW YORK-NEW YORK CABARET**            :
     **1221 E. 2nd Street**
     **Franklin, Ohio 45005**             :

**AND**                                  :

**THE LIVING ROOM**                      :
     **3830 N. Dixie Drive**
     **Dayton, Ohio 45414**               :

**AND**                                  :

**BOTTOMS UP LOUNGE**                    :
     **567 Grant Street**
     **Akron, Ohio 44311**                :

**AND**                                  :

**JEN'S DEN**                            :
     **1335 Brittain Road**
     **Akron, Ohio 44310**                :

4

**AND**                                                  :

**CRAZY HORSE MEN'S CLUB**                               :
    **25540 Miles Road**
    **Bedford, Ohio 44146**                             :

**AND**                                                  :

**CRAZY HORSE**                                          :
    **1438 St. Clair Avenue**
    **Cleveland, Ohio 44114**                           :

**AND**                                                  :

**SECRETS GENTLEMEN'S CLUB**                             :
    **12820 Brookpark Road**
    **Cleveland, Ohio 44130**                           :

**AND**                                                  :

**AMBER'S CABARET**                                      :
    **13311 Brookpark Road**
    **Brook Park, Ohio 44142**                          :

**AND**                                                  :

**THE BUCKEYE ASSOCIATION OF CLUB**                      :
**EXECUTIVES, INC.,**
                                                       :

        **d/b/a BACE Ohio**
        **4915 North Dixie Drive**                    :
        **Dayton, Ohio 45414**
                                                       :

        **Serve Also Its Registered Agent**
        **Carolyn A. Prater**                         :
        **2232 Coronette Avenue**
        **Dayton, Ohio 45414**                        :

**AND**                                                  :

**JOHN DOE BACE MEMBER**                                 :
**GENTLEMEN'S CLUBS 1-20**
                                                       :

        **Defendants.**

<u>**COLLECTIVE ACTION COMPLAINT FOR**</u>
<u>**DECLARATORY JUDGMENT AND COMPENSATION**</u>
<u>**UNDER 29 U.S.C. §§ 201, *et. seq.***</u>
<u>**AND**</u>
<u>**CLASS ACTION COMPLAINT**</u>
<u>**UNDER OHIO REVISED CODE CHAPTER 4111, *et seq.***</u>

Now come Plaintiffs, on behalf of themselves and all others similarly situated, and bring this collective and class action against DefendantsVM3015, Inc., doing business as The Doll House of Columbus ("Defendant Doll House"); House of Babes ("House of Babes Defendants"); Private Dancer ("Private Dancer Defendants"); X Gentlemen's Club ("X Club Defendants"),Cheeks Gentlemen's Club ("Cheeks Defendants"); Club Rog ("Club Rog Defendants"); Diamonds Cabaret ("Diamonds Defendants"); Scarlett's of Toledo ("Scarlett's Toledo Defendants"); Platinum Showgirls ("Platinum Showgirls Defendants"); Hush Showgirls ("Hush Defendants"); Top Hat Gentleman's Club ("Top Hat Defendants"); Country Time ("Country Time Defendants"); Sharkey's Lounge ("Sharkey Defendants"); Pinups and Pints ("Pinups and Pints Defendants"); Pazzazz Show Club ("Pazzazz Defendants"); Showtime Gentlemen's Club ("Showtime Defendants"); New York-New York Cabaret ("NYNY Cabaret Defendants"); The Living Room ("Living Room Defendants"); Bottoms Up Lounge ("Bottoms Up Defendants"); Jen's Den ("Jen's Defendants"); Crazy Horse Men's Club ("Crazy Horse Men's Defendants"); Crazy Horse ("Crazy Horse Defendants"); Secrets Gentlemen's Club ("Secrets Defendants"); Amber's Cabaret ("Amber's Defendants"); The Buckeye Association of Club Executives, Inc., doing business as BACE Ohio ("Defendant BACE Ohio"); and John Does 1-20 (all Defendants referred to collectively as "Defendants") for monetary, declaratory, and injunctive relief due to its willful failure to compensate employees with proper pay in violation of the federal Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio

Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. §§ 4111.01, *et seq.*, the Ohio Semi-Monthly Payment Act O.R.C. § 4113.15, common law unjust enrichment, Section 1 of the Sherman Act 1 U.S.C. § 1, the Ohio Valentine Act R.C. § 1331.01, *et seq.*, and Ohio common law civil conspiracy by intentionally failing to pay full and accurate wages to employees for each hour worked in accordance with federal and Ohio law. In support of the claims stated above, Plaintiffs allege the following:

## INTRODUCTION

1.      Plaintiffs follow in the footsteps of exotic dancers across the country that have stood up against gentlemen's clubs and their owners for subjecting them to oppressive, illegal pay policies that fail to pay them any wages whatsoever. Plaintiffs were subject to a statewide industry conspiracy, perpetrated by gentlemen's clubs throughout the State of Ohio. This case seeks to end these unlawful and collusive practices in Ohio and to restore to the affected dancers the amounts owed to them under Federal and Ohio State law.

2.      Defendants own and operate gentlemen's clubs throughout the State of Ohio that were or are member clubs of the industry lobbying / trade organization Defendant BACE Ohio. Defendants have for years engaged in a statewide effort to conspire among themselves to illegally depress and deny minimum and overtime wages to dancers working at the clubs. In furtherance of their industry wide conspiracy, Defendants regularly exchanged—during trade organization member meetings—non-public information about the pay structure applied to Dancers and the compensation paid to Dancers. Additionally Defendants colluded and agreed to use similar documents that set forth the employee status of dancers.

3.      As a result of Defendants' conspiracy and implementation of illegal pay schemes, no Defendant pays any wages whatsoever to any of its Dancer employees. Defendants' actions

violate Section 1 of the Sherman Act 1 U.S.C. § 1, the Ohio Valentine Act R.C. § 1331.01, *et seq.*, and Ohio common law civil conspiracy. Plaintiffs, on their own behalf, and on behalf of the Statewide Conspiracy Class of Dancers defined below, seek to recover for the wages unlawfully denied to them as a result of Defendants' conspiracy to perpetuate an illegal pay system.

4.      Plaintiffs additionally bring hybrid collective action / class action wage and hour claims against the clubs at which they worked as Dancers *i.e.*, the Wage and Hour Defendants. The Wage and Hour Defendants failed to pay employees at least minimum wage for all hours worked as required under Federal and Ohio laws. Plaintiffs therefore bring claims pursuant Fair Labor Standards Act, 29§§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. §§ 4111.01, *et seq.*, the Ohio Semi-Monthly Payment Act O.R.C. § 4113.15, and common law unjust enrichment against the Doll House Defendants, House of Babes Defendants, Private Dancer Defendants, and Club X Defendants (collectively "the Wage and Hour Defendants") to redress long standing abuse of the federal minimum wage and overtime standards.

5.      Given the sensitive and intimate nature of such a lawsuit, and the significant fear of and potential for retaliation in this type of action, Plaintiffs Jane Does 1, 2, and 3 seek to proceed pseudonymously in public filings and keep their identity private.

6.      The privacy interest of Jane Does 1, 2 and 3 substantially outweighs the presumption of open judicial proceedings; specifically prosecution of the suit will allow Plaintiffs to disclose information of the utmost intimacy. The privacy interests of Jane Does 1, 2 and 3 also substantially outweigh the customary practice of judicial openness because the inherent danger of disclosing their true identity in connection with their history of performing

8

adult entertainment may invite stigma from their family, friends, community, current employers, and/or prospective employers.

7.      The Wage and Hour Defendants frequently allow Dancers to use fictitious stage names because of the inherent risks to Dancers in the industry and for the privacy and physical well-being of the Dancers. If current/former patrons know their true identity they may seek to stalk, commit violence, and/or injure Jane Does 1, 2 and 3.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1331, 28 U.S.C. § 1337(a), and 29 U.S.C. §216(b).

9.      This Court has jurisdiction over Plaintiffs' federal antitrust claims, which seek to secure injunctive relief and damages for violation of the Sherman Act, 15 U.S.C. § 1, pursuant to 28 U.S.C. §§ 1331 and 1337, and Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15(a) and 26.

10.     This Court has supplemental jurisdiction over Plaintiffs' OMFWSA claims pursuant to 28 U.S.C. § 1367 for those claims authorized under Ohio Revised Code Chapter 4111.01, *et seq.*

11.     This Court has supplemental jurisdiction over Plaintiffs' state antitrust, and civil conspiracy claims pursuant to 28 U.S.C. § 1367.

12.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and S.D. Ohio Civ. R. 82.1(b) because the acts giving rise to the claims of the Plaintiffs occurred within this judicial district, and Defendants regularly conduct business in and have engaged and continue to engage in the wrongful conduct alleged herein and thus, are subject to personal jurisdiction within this judicial district.

13.     Pursuant to Southern District of Ohio Local Rule 3.1(b) this case is related to *Hogan v. Cleveland Ave. Restaurant, Inc.*, Case No. 2:15-cv-2883; *De Angelis v. National Entertainment Group, LLC*, Case No. 2:17-cv-924; *De Angelis v. Nolan Enterprises, Inc.*, Case No. 2:17-cv-926; *De Angelis v. Icon Entertainment Group, Inc.*, Case No. 2:17-cv-927; and *De Angelis v. C G Consulting, et al.*, Case No. 2:17-cv-985 before Judge Algenon L. Marbley and Magistrate Elizabeth P. Deavers. Each case arises from the same type of event, calls for a determination of the same or substantially identical questions of law or fact, and would entail substantial duplication of effort and expense by the Court if heard by different judges. Each case is a wage and hour / conspiracy case for failure to pay wages according to federal and Ohio State law. Each case is brought against a gentlemen's strip club defendant in Ohio by and on behalf of a putative class of Dancers. Each club maintained nearly identical illegal policies that deprived Dancers of the wages they were entitled to under the law. Accordingly, each case is clearly related and it would be unnecessarily duplicative to have the cases handled by multiple Judges.

## **PARTIES**

14.     Plaintiff Jane Doe 1 is a citizen of the State of Ohio employed by Doll House Defendants as a Dancer in Columbus, Ohio during the statutory period covered by this Complaint—she did not receive the FLSA-mandated minimum wage for all hours worked nor did she receive time and a half her regular rate of pay for hours worked over forty in a given workweek. .

15.     Plaintiff Jane Doe 2 is a citizen of the State of Ohio employed by Doll House Defendants, Club X Defendants, and Private Dancer Defendants as a Dancer in Columbus, Ohio during the statutory period covered by this Complaint—she did not receive the FLSA-mandated

minimum wage for all hours worked nor did she receive time and a half her regular rate of pay for hours worked over forty in a given workweek.

16.     Plaintiff Jane Doe 3 is a citizen of the State of Ohio employed by House of Babes Defendants as a Dancer in Columbus, Ohio during the statutory period covered by this Complaint—she did not receive the FLSA-mandated minimum wage for all hours worked nor did she receive time and a half her regular rate of pay for hours worked over forty in a given workweek.

17.     Defendant VM3015, Inc., doing business as The Doll House of Columbus ("Doll House Defendants") is a for profit corporation registered to do business in Ohio and a member of The Buckeye Association of Club Executives. Defendant's principal place of business is 1680 Karl Court, Columbus, Ohio 43229.

18.     Defendant House of Babes ("House of Babes Defendants") is a gentleman's club doing business in Ohio and a member of The Buckeye Association of Club Executives. Defendant's principal place of business is 2595 South High Street, Columbus, Ohio 43207.

19.     Defendant LL Entertainment, LLC, doing business as Private Dancer Club ("Private Dancer Defendants") is a domestic limited liability company registered to do business in Ohio and a member of The Buckeye Association of Club Executives. Defendant's principal place of business is 3609 Trabue Road, Columbus, Ohio 43228.

20.     Defendant X Gentleman's Club ("X Club Defendants") is a gentleman's club doing business in Ohio and a member of The Buckeye Association of Club Executives. Defendant's principal place of business is 6223 Sunderland Drive, Columbus, Ohio 43229.

21.     Defendant Cheeks Gentleman's Club ("Cheeks Defendants") is a gentleman's club doing business in Ohio and a member of The Buckeye Association of Club Executives. Defendant's principal place of business is 906 Water Tower Lane, West Carrollton, Ohio 45449.

22.     Defendant Club Rog ("Club Rog Defendants") is a gentleman's club doing business in Ohio and a member of The Buckeye Association of Club Executives. Defendant's principal place of business is 2460 W. McPherson Way, Freemont, Ohio 43420.

23.     Defendant NL Corp., Inc., doing business as Diamonds Cabaret ("Diamonds Defendants") is a for profit corporation registered to do business in Ohio and a member of The Buckeye Association of Club Executives. Defendant's principal place of business is 960 Miamisburg Centerville Road, Washington Township, Ohio 45459.

24.     Defendant Scarlett's Cabaret Toledo ("Scarlett's Toledo Defendants") is a gentleman's club doing business in Ohio and a member of The Buckeye Association of Club Executives. Defendant's principal place of business is 5765 Telegraph Road, Toledo, Ohio 43612.

25.     Defendant PSG Foods, LLC, doing business as Platinum Showgirls ("Platinum Showgirls Defendants") is a domestic limited liability company registered to do business in Ohio and a member of The Buckeye Association of Club Executives. Defendant's principal place of business is 5801 Telegraph Road, Toledo, Ohio 43612.

26.     Defendant HSG Foods, LLC, doing business as Hush Showgirls ("Hush Defendants") is a domestic limited liability company registered to do business in Ohio and a member of The Buckeye Association of Club Executives. Defendant's principal place of business is 532 S. Reynolds Road, Toledo, Ohio 43615.

12

27.     Defendant Top Hat Gentlemen's Club ("Top Hat Defendants") is a gentleman's club doing business in Ohio and a member of The Buckeye Association of Club Executives. Defendant's principal place of business is 1901 Ashland Road, Mansfield, Ohio 44905.

28.     Defendant Country Time ("Country Time Defendants") is a gentleman's club doing business in Ohio and a member of The Buckeye Association of Club Executives. Defendant's principal place of business is 1006 County Highway 330, Nevada, Ohio 44849.

29.     Defendant Sharkey's Lounge ("Sharkey's Defendants") is a gentleman's club doing business in Ohio and a member of The Buckeye Association of Club Executives. Defendant's principal place of business is 6028 N. Dixie Drive, Dayton, Ohio 45414.

30.     Defendant Pinups and Pints ("Pinups and Pints Defendants") is a gentleman's club doing business in Ohio and a member of The Buckeye Association of Club Executives. Defendant's principal place of business is 10963 Lower Valley Pike, Medway, Ohio 45341.

31.     Defendant Pazzazz Show Club ("Pazzazz Defendants") is a gentleman's club doing business in Ohio and a member of The Buckeye Association of Club Executives. Defendant's principal place of business is 8911 Kingsridge Drive, Dayton, Ohio 45458.

32.     Defendant Showtime Gentlemen's Club ("Showtime Defendants") is a gentleman's club doing business in Ohio and a member of The Buckeye Association of Club Executives. Defendant's principal place of business is 2921 Crider Road, Mansfield, Ohio 44907.

33.     Defendant New York-New York Cabaret ("NYNY Cabaret Defendants") is a gentleman's club doing business in Ohio and a member of The Buckeye Association of Club Executives. Defendant's principal place of business is 1221 E. 2nd Street, Franklin, Ohio 45005.

34.     Defendant The Living Room ("Living Room Defendants") is a gentleman's club doing business in Ohio and a member of The Buckeye Association of Club Executives. Defendant's principal place of business is 3830 N. Dixie Drive, Dayton, Ohio 45414.

35.     Defendant Bottoms Up Lounge ("Bottoms Up Defendants") is a gentleman's club doing business in Ohio and a member of The Buckeye Association of Club Executives. Defendant's principal place of business is 567 Grant Street, Akron, Ohio 44311.

36.     Defendant Jen's Den ("Jen's Defendants") is a gentleman's club doing business in Ohio and a member of The Buckeye Association of Club Executives. Defendant's principal place of business is 1335 Brittain Road, Akron, Ohio 44310.

37.     Defendant Crazy Horse Men's Club ("Crazy Horse Men's Defendants") is a gentleman's club doing business in Ohio and a member of The Buckeye Association of Club Executives. Defendant's principal place of business is 25540 Miles Road, Bedford, Ohio 44146.

38.     Defendant Crazy Horse ("Crazy Horse Defendants") is a gentleman's club doing business in Ohio and a member of The Buckeye Association of Club Executives. Defendant's principal place of business is 1438 St. Clair Avenue, Cleveland, Ohio 44114.

39.     Defendant Secrets Gentleman's Club ("Secrets Defendants") is a gentleman's club doing business in Ohio and a member of The Buckeye Association of Club Executives. Defendant's principal place of business is 12820 Brookpark Road, Cleveland, Ohio 44130.

40.     Defendant Amber's Cabaret ("Amber's Defendants") is a gentleman's club doing business in Ohio and a member of The Buckeye Association of Club Executives. Defendant's principal place of business is 13311 Brookpark Road, Brook Park, Ohio 44142.

41.     Defendant The Buckeye Association of Club Executives, Inc., doing business as BACE Ohio is a non-profit corporation registered in the State of Ohio. Defendant's principal place of business is 4915 North Dixie Drive, Dayton, Ohio 45414.

42.     John Does 1-20 are not yet known gentlemen's clubs that acted as coconspirators with the named Defendants. John Does 1-20 will be named and served as soon as their identities become known to Plaintiffs.

43.     On information and belief, at all times relevant to this lawsuit, Defendants have gross operating revenues or business volume in excess of $500,000.

44.     The putative Wage and Hour Class Action Members are all current and former Dancers who work or worked for the Wage and Hour Defendants at any time within the six years prior to the date of the filing of this Complaint through the date of the final disposition of this action.

45.     The putative Wage and Hour Collective Action Members are all current and former Dancers who worked for the Wage and Hour Defendants at any location at any time within the three years prior to the filing of this Complaint through the date of final disposition of this action who did not receive minimum wages or overtime premium pay for hours worked over forty in a given workweek.

46.     The putative Statewide Conspiracy Class Action Members are all current and former Dancers who work or worked for the statewide Defendants at any time within the six years prior to the date of the filing of this Complaint through the date of the final disposition of this action.

47.     Plaintiffs' consents to participate in this lawsuit are attached as Exhibit A to this complaint.

15

## FACTUAL ALLEGATIONS

48.     The Defendants consist of an industry lobbying / trade organization (BACE Ohio), and the gentlemen's club members of the organizations. The Defendants engaged in a conspiracy to employ an industry wide illegal pay system across Ohio whereby clubs deny Dancers their rightful minimum and overtime wages, and require Dancers to pay various collusive, artificial, and illegal fees to club owners including a fee called "rent." By these unlawful and collusive practices, clubs throughout Ohio pay their dancers no wages.

49.     This illegal system is referred to as the "Tenant System." Under this system Defendants actually exact money from the dancers for the privilege of working at their club.

50.     Defendants, upon information and belief, created and propagated the Tenant System through the industry lobbying / trade organization BACE Ohio. Defendants used BACE Ohio as to tool to collude, conspire, and engage in anticompetitive activities.

51.     Defendants agreed to and did classify their Dancer employees as independent contractors.

52.     Each coconspirator is jointly and severally liable for the wage fixing and damages every Dancer suffered at every club.

53.     Plaintiffs worked as Dancers in multiple Ohio gentlemen's clubs. Upon information and belief, this is common practice for exotic dancers, and Dancers are class of individuals that work often times work at multiple different gentlemen's clubs. Plaintiffs worked at other clubs that are not named in this lawsuit.

54.     Defendant Doll House employed Plaintiff, Jane Doe 1, from about February 2015 to January 2017.

16

55.     Defendants Doll House, Club X, and Private Dancer employed Plaintiff, Jane Doe 2, from about April 2016 to February 2017.

56.     Defendant House of Babes employed Plaintiff, Jane Doe 3, from about January 2016 to March 2016.

57.     During all relevant times, Defendants were employers within the meaning of the FLSA and the OMFWSA.

58.     Defendants maintained substantial control over Plaintiffs and Dancers.

59.     Plaintiffs received money exclusively from customers at the club.

60.     Defendants scheduled Dancers on specific days throughout the workweek.

61.     Plaintiffs and Dancers were expected, to and typically worked at least a full forty hour workweek and sometimes more.

62.     Defendants penalized Dancers for being late or missing work and were required to pay a fine before they were allowed to work again.

63.     Defendants required Plaintiffs and Dancers to sign in with a manager or DJ (or other employee if neither was available) before getting dressed for the night.

64.     Defendants maintained specific rules that all Dancers had to follow. These rules included a dress code and Dancer etiquette.

65.     Defendants set the price that Dancers could charge for drinks, table dances, private dances, and all other services. Dancers could not set their own prices for any services.

66.     Defendants had absolute control over admitting patrons and set the door price for admission. Dancers had no say in this matter.

67.     Defendants handled all advertising and promotional activity, and determined what services Dancers would offer. Dancers had no say in this matter.

17

68.     At the end of every night, Defendant took a cut from all money customers gave dancers. This included fees and money earned from dances and drinks.

69.     In addition to paying cash to Defendants every night, Dancers were required to tip out other employees, which could include bartenders, other server personnel, and bouncers.

70.     Defendants were responsible for providing the locker rooms, dance stages (including poles), DJ, and music used by dancers.

71.     Defendants did not require that Dancers have any special skills in order to obtain employment.

72.     Defendant BACE Ohio is an entertainment club lobbying trade association (ran by club owners) that many gentlemen's clubs across the State of Ohio are members.

73.     Defendants, in part through BACE Ohio, employed a tenant system whereby clubs deny Dancers their rightful minimum wage and require Dancers to pay various collusive, artificial, and illegal fees to club owners including a fee called "rent."

74.     Defendants, in part through BACE Ohio, created and implemented a program Defendants were to follow. This program included paying Dancers no wages.

75.     Plaintiffs and Dancers are integral to the financial success of Defendants' business including the business of BACE Ohio member clubs.

76.     Defendants participated in meetings at trade associations (and otherwise) where Dancer wages and programs were discussed.

77.     Use of the tenant agreement is a naked wage fixing agreement and is per se illegal under antitrust laws.

78. According to the FTC, competition among employers helps actual and potential employees through higher wages, better benefits, and other terms of employment. Defendants stifled the bettering of employment conditions as they agreed not to compete.

79. Defendants' activities constitute wage fixing in violation of anti-trust laws. Defendants maintained written wage fixing agreements *i.e.*, all tenant agreements fix wages at zero.

80. Defendants made no public disclosures before sharing wage and employment information.

81. BACE Ohio, upon information and belief, maintains records and data about other clubs that reveals the information to further the Coconspirator Defendants' anticompetitive mission. This data includes Defendants internal wage and compensation information.

82. Defendants all agreed that they would provide Dancers the same benefits—none.

83. But for Defendants' anticompetitive activity, Dancers would be paid at least the minimum required wages by law.

84. These agreements create a logical decrease in competition, as only a limited number of individuals would be willing to undertake such oppressive pay schemes. Moreover, competition would clearly grow if wages were competitive and no agreement existed to artificially depress wages.

85. The practices and policies set by Defendants resulted in Plaintiffs being paid less than the required minimum wage.

## FLSA ALLEGATIONS

86. Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

87.  The following allegations are asserted against the Wage and Hour Defendants (the Doll House Defendants, House of Babes Defendants, Private Dancer Defendants, and Club X Defendants) as if alleged against each Defendant individually herein.

88.  The FLSA is to be construed expansively in favor of coverage, recognizing that broad coverage is essential to accomplish the goals of this remedial legislation, including the avoidance of unfair competition.

89.  To determine employment status under the FLSA's broad remedial purpose, courts apply some form of the economic realities test to determine whether as a matter of economic reality, the individuals are dependent upon the business to which they render service.

90.  The FLSA applied to Plaintiffs and the putative Collective Action Members at all times that they worked as Dancers at the Wage and Hour Defendants' clubs.

91.  No exemptions to the application of the FLSA apply to Plaintiffs or the putative Collective Action Members. For instance, neither Plaintiffs nor any putative Collective Action Member has ever been a professional or artist exempt from the provisions of the FLSA. The dancing required by the Wage and Hour Defendants does not require invention, imagination or talent in a recognized field of artistic endeavor and Plaintiffs and the putative Collective Action Members have never been compensated by the Wage and Hour Defendants on a set salary, wage, or fee basis. Rather, Plaintiffs and the putative Collective Action Members' sole source of income while working for the Wage and Hour Defendants was tips given to them by the clubs' patrons (i.e., stage dancing or single dancing tips).

92.  At all relevant times, Plaintiffs and the putative Collective Action Members were employees of their respective Wage and Hour Defendant pursuant to the FLSA.

93.     During the relevant time period, neither Plaintiffs nor any putative Collective Action Member received money from the Wage and Hour Defendants in the form of wages, nor did they receive any other category of compensation (e.g., bonuses, shift differentials, per diem payments) from the Wage and Hour Defendants.

94.     The money that Plaintiffs and the putative Collective Action Members would receive from customers at the Wage and Hour Defendants location is a tip, not a service charge as those terms are defined in relevant FLSA regulations. See 29 C.F.R. §§ 531.52, 531.53, & 531.55.

95.     Those tips received by Plaintiffs and the putative Collective Action Members do not become part of the Wage and Hour Defendants' gross receipts to be later distributed to the Dancers at a given location as wages. Instead, Dancers merely pay the club a portion of their tips.

96.     Plaintiffs and the putative Collective Action Members are tipped employees under the FLSA, as they are engaged in an occupation in which they customarily and regularly receive more than $30 per month in tips. See 29 U.S.C. § 203(t).

97.     The Wage and Hour Defendants, however, are not entitled to take a tip credit for the amounts Plaintiffs and the putative Collective Action Members received as tips. 29 U.S.C. § 203(m) require an employer to inform its employee that it intends to rely on the tip credit to satisfy its minimum wage obligations. Here, the Wage and Hour Defendants affirmatively informed Plaintiffs and the Collective Action Members that they would not be paid wages at all, much less paid a tip credit adjusted minimum wage.

98.     The Wage and Hour Defendants' scheme to label Plaintiffs and the putative Collective Action Members as independent contractors was designed to deny them their fundamental rights as employees to receive minimum wages, overtime, to demand and retain

21

portions of tips given to putative Collective Action Members by the Wage and Hour Defendants' customers, and to enhance profits.

99.     The Wage and Hour Defendants' illegal scheme to label Plaintiffs and the putative Collective Action Members as independent contractors rather than employees was willful.

100.     Finally, federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5. The Wage and Hour Defendants failed to accurately keep the aforementioned records.

## COLLECTIVE ACTION ALLEGATIONS

101.     Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

102.     The following allegations are asserted against the Wage and Hour Defendants (the Doll House Defendants, House of Babes Defendants, Private Dancer Defendants, and Club X Defendants) as if alleged against each Defendant individually herein.

22

103.    Plaintiffs bring this collective action on behalf of themselves and all other similarly situated Dancers.

104.    Plaintiffs have actual knowledge that putative Collective Action Members have been denied wages for all hours worked in each workweek. Plaintiffs worked with other Dancers at the Wage and Hour Defendants' clubs. As such, they have personal knowledge of the pay violations. Furthermore, other Dancer employees at the Wage and Hour Defendants' establishments have shared with them that they experienced similar pay violations as those described in this complaint.

105.    The Wage and Hour Defendants misclassified Plaintiffs and similarly-situated Collective Action Members as independent contractors to avoid obligation to pay them pursuant to the FLSA.

106.    Plaintiffs are not exempt from the overtime and minimum wage requirements under the FLSA.

107.    Plaintiffs and the Collective Action Members were subject to the same uniform illegal pay practices and policies. Each Wage and Hour Defendant maintained a single common and unified illegal pay policy that applied to all Dancers equally and failed to pay them the wages they were entitled to under law. The Wage and Hour Defendants erroneously classified Dancers as independent contractors.

108.    The Wage and Hour Defendants' illegal pay practices and policies are identified above and generally include failing to pay minimum wage for each hour worked, subjecting workers to an illegal tip pool policy, and charging money to employees for performing their essential job functions.

23

109.    The putative Collective Action Members are similarly situated to Plaintiffs in all relevant respects having performed the same work duties as Plaintiffs and being similarly situated with regard to the Wage and Hour Defendants policies and pay practices.

110.    The putative Collective Action Members regularly work or have worked in excess of forty hours during a workweek.

111.    The specific job titles or precise job responsibilities of each putative Collective Action Member does not prevent collective treatment.

112.    The Collective Action Members are owed wages for the same reasons as Plaintiffs.

113.    Application of Defendants' illegal pay practices does/did not depend on the personal circumstances of Plaintiffs or putative Collective Action Members. Rather, the same policy or practice which resulted in the non-payment of minimum and overtime wages applies to all putative Collective Action Members. Accordingly, Plaintiffs seeks to represent collective actions.

114.    Plaintiffs Jane Does 1 and 2 seek to represent, and are similarly situated to, the following group: **Doll House Collective Action. All of the Doll House Defendants' current and former Dancers who are or were employed with the Doll House Defendants during the three years before this Complaint was filed up to the present.**

115.    Plaintiff Jane Doe 3 seeks to represent, and are similarly situated to, the following group: **House of Babes Collective Action. All of the House of Babes Defendants' current and former Dancers who are or were employed with the House of Babes Defendants during the three years before this Complaint was filed up to the present.**

24

116.    Plaintiff Jane Doe 2 seeks to represent, and are similarly situated to, the following group: **Club X Collective Action. All of the Club X Defendants' current and former Dancers who are or were employed with the Club X Defendants during the three years before this Complaint was filed up to the present.**

117.    Plaintiff Jane Doe 2 seeks to represent, and are similarly situated to, the following group: **Private Dancer Collective Action. All of the Private Dancer Defendants' current and former Dancers who are or were employed with the Private Dancer Defendants during the three years before this Complaint was filed up to the present.**

118.    The Wage and Hour Defendants knowingly, willfully, and with reckless disregard for the rights of putative Collective Action Members carried out an illegal pattern or practice of failing to pay minimum wages and overtime compensation.

119.     Defendants did not act in good faith or reliance upon and of the following in formulating its pay practices: (a) case law, (b) the FLSA, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

120.    Defendants acted willfully in failing to pay Plaintiffs and putative Collective Action Members in accordance with the law.

## OHIO WAGE LAW ALLEGATIONS

121.    Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

122.    The following allegations are asserted against the Wage and Hour Defendants (the Doll House Defendants, House of Babes Defendants, Private Dancer Defendants, and Club X Defendants) as if alleged against each Defendant individually herein.

25

123.    The OMFWSA, O.R.C. §§ 4111.01, *et seq.*, expressly incorporates the standards set forth under the FLSA.

124.    Ohio law requires employers to pay employees minimum and overtime wages at a rate of one and one-half times the employee's regular rate of pay for all hours worked in excess of forty hours in one workweek. O.R.C. §§ 4111.01, *et seq.*

125.    Ohio law requires employers to maintain accurate pay records. O.R.C. § 4111.08.

126.    Ohio law requires employers to, on or before the first day of each month, pay all its employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month. O.R.C. § 4113.15.

127.    Ohio common law prohibits the windfall of unjust enrichment.

## WAGE AND HOUR CLASS ACTION ALLEGATIONS

128.    Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

129.    The following allegations are asserted against the Wage and Hour Defendants (the Doll House Defendants, House of Babes Defendants, Private Dancer Defendants, and Club X Defendants) as if alleged against each Defendant individually herein.

130.    Plaintiffs bring their claims for relief under Ohio law on behalf of themselves and a Class of persons under Rules 23(a), (b)(2), and (3) of the Federal Rules of Civil Procedure.

131.    Plaintiffs Jane Does 1 and 2 seek to represent a class as defined as follows:

> **Doll House Class. All of the Doll House Defendants' current and former Dancers who are or were employed with the Doll House**

26

**Defendants during the six years before this Complaint was filed up to the present.**

132. Plaintiffs Jane Doe 3 seeks to represent a class as defined as follows:

**House of Babes Class. All of the House of Babes Defendants' current and former Dancers who are or were employed with the House of Babes Defendants during the six years before this Complaint was filed up to the present.**

133. Plaintiffs Jane Doe 2 seeks to represent a class as defined as follows:

**Private Dancer Class. All of the Private Dancer Defendants' current and former Dancers who are or were employed with the Private Dancer Defendants during the six years before this Complaint was filed up to the present.**

134. Plaintiffs Jane Doe 2 seeks to represent a class as defined as follows:

**Club X Class. All of the Club X Defendants' current and former Dancers who are or were employed with the Club X Defendants during the six years before this Complaint was filed up to the present.**

135. **Numerosity (FED. R. CIV. P. 23(a)(1)).** In each of the proposed classes, the putative Class Action Members are so numerous that joinder of all members is impracticable. The precise number of such persons is unknown, and the facts on which that number can be ascertained are presently within the sole control of the Wage and Hour Defendants. Upon information and belief, there are over forty putative Class Action Members at each of the Wage and Hour Defendants Clubs.

136. **Commonality (FED. R. CIV. P. 23(a)(2)).** For each proposed class, common questions of law and fact exist as to putative Class Action Members, including, but not limited to, the following:

27

a. Whether the Wage and Hour Defendants misclassified Dancers as independent contractors;

b. Whether the Wage and Hour Defendants failed to pay wages including overtime pursuant to O.R.C. §§ 4111.01 *et seq.*;

c. Whether the Wage and Hour Defendants failed to keep records pursuant to O.R.C. § 4111.08;

d. Whether the Wage and Hour Defendants failed to timely pay Class Members in accordance with O.R.C. § 4113.15;

e. Whether the Wage and Hour Defendants was unjustly enriched by work and services performed by Class Members; and

f. The proper measure of damages sustained by each putative Class.

137. **Typicality (FED. R. CIV. P. 23(a)(3)).** The representative Plaintiffs' claims, for each proposed class, are typical of those of the putative Class Action Members. Plaintiffs, like other Class Action Members, were subjected to a policy and practice of refusing to pay wages owed to Dancers in accordance with Ohio law.

138. **Adequacy (FED. R. CIV. P. 23(a)(4)).** Each Plaintiff is able to adequately represent and protect the interests of the putative class which she seeks to serve as a representative.

139. **Adequacy of counsel (FED. R. CIV. P. 23(g).** Plaintiffs have retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation.

140. Certification of the Ohio claims is appropriate pursuant to FED. R. CIV. P. 23(b)(2) for each class because each Wage and Hour Defendant has acted or refused to act on

28

grounds generally applicable to its respective putative Class, making appropriate declaratory and injunctive relief with respect to the Plaintiffs and the putative Class Action Members as a whole.

141. **Predominance and Superiority (FED. R. CIV. P. 23(b)(3))**. Class certification of the Ohio classes is also appropriate under FED. R. CIV. P. 23(b)(3) because questions of law and fact common to the putative Class Action Members predominate over any questions affecting only individual members of the putative Class Action, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. The Wage and Hour Defendants' common and uniform policies and practices unlawfully fail to compensate the members of the putative Classes. The damages suffered by individual members of the putative Classes are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about the Wage and Hour Defendants practices.

142. **Notice (FED. R. CIV. P. 23(c)(2)(B)).**Plaintiffs intend to send opt-out notice to all members of the putative Class to the extent provided by Rule 23.

143. Plaintiffs' claims are typical of the claims of the Classes, and a class action is superior to other available methods of fair and efficient adjudication of the controversy-particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

## STATEWIDE CONSPIRACY CLASS ACTION ALLEGATIONS

144. Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

29

145.     Plaintiffs bring their claims for relief under Federal and Ohio law on behalf of themselves and all others similarly situated Dancers against a statewide group of coconspirator Defendants throughout Ohio that have used and / or are using the Dancer-Tenant Lease Agreements under Rules 23(a), (b)(2), and (3) of the Federal Rules of Civil Procedure.

146.     Plaintiffs and all putative Statewide Plaintiff Class Action Members are all Dancers subject to the same illegal pay practices and policies applicable to all of the statewide Defendant Class's Dancers. Plaintiffs seek to represent the following statewide Plaintiff Class:

> **Statewide Conspiracy Class. All current and former Dancers employed by Defendants within the six years before this Complaint was filed up to the present.**

147.     **Numerosity (FED. R. CIV. P. 23(a)(1)).** The Statewide Conspiracy Class is so numerous that joinder of all members is impracticable. The precise number of such persons is unknown, and the facts on which that number can be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are thousands of putative Statewide Conspiracy Class Action Members.

148.     **Commonality (FED. R. CIV. P. 23(a)(2)).** Common questions of law and fact exist as to putative Statewide Conspiracy Class Action Members including, but not limited to, the following:

> a. Whether Defendants conspired to violate federal and state antitrust laws by fixing or restraining payments to members of the putative Statewide Conspiracy Class through the use of the tenant system;

> b. Whether Defendants conspired to violate federal and state antitrust laws by sharing non-public wage information related to the putative Statewide Conspiracy Class

through the use of the tenant system, documents related to the system, and meetings in furtherance of implementing the system;

c. Whether the tenant system is unlawful under Ohio and federal wage and hour laws. Whether the tenant system denied the members of the putative statewide Plaintiff Class their rightful wages, and exacted illegal payments, including "rent" from the Members of the Statewide Conspiracy Class;

d. Whether this conspiracy was unlawful;

e. Whether Defendants unlawful actions should be enjoined; and

f. The proper measure of damages sustained by the putative Statewide Conspiracy Class.

149.     **Typicality (FED. R. CIV. P. 23(a)(3)).** Plaintiffs' claims are typical of those of the putative Statewide Conspiracy Class Action Members. Plaintiffs, like other Statewide Conspiracy Class Action Members, were subjected to Defendants' policies and practices of refusing to pay wages owed to its Dancers in accordance with Ohio law.

150.     **Adequacy (FED. R. CIV. P. 23(a)(4)).** Plaintiffs will fairly and adequately represent and protect the interests of the putative Class.

151.     **Adequacy of counsel (FED. R. CIV. P. 23(g).** Plaintiffs have retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation.

152.     Class certification of the Statewide Conspiracy Class claims is appropriate pursuant to FED. R. CIV. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the putative Statewide Conspiracy Class, making appropriate

declaratory and injunctive relief with respect to the Plaintiffs and the putative Statewide Conspiracy Class Action Members as a whole.

153.    **Predominance and Superiority (FED. R. CIV. P. 23(b)(3))**. Class certification of the Statewide Conspiracy Class claims is also appropriate under FED. R. CIV. P. 23(b)(3) because questions of law and fact common to the putative Statewide Conspiracy Class Action Members predominate over any questions affecting only individual members of the putative Statewide Conspiracy Class Action, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. The group of Ohio Defendants' common and uniform policies and practices unlawfully fail to compensate the members of the putative Statewide Conspiracy Class. The damages suffered by individual members of the putative Statewide Conspiracy Class are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about the practices of Defendants.

154.    **Notice (FED. R. CIV. P. 23(c)(2)(B)).** Plaintiffs intend to send opt-out notice to all members of the putative Statewide Conspiracy Class to the extent provided by Rule 23.

155.    Plaintiffs' claims are typical of the claims of the Statewide Conspiracy Class, and a class action is superior to other available methods of fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

## CAUSES OF ACTION

**First Claim: Fair Labor Standards Act: Failure to Pay Minimum Wages and Overtime Against Doll House Defendants**
**(On Behalf Of the Doll House Collective Action Members)**

156.     Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

157.     The foregoing conduct, as alleged, violated the FLSA.

158.     Plaintiffs Jane Does 1 and 2, and the putative Doll House Collective Action Members, are nonexempt employees entitled to be paid overtime compensation for all overtime hours worked, as defined above. *See* 29 U.S.C. § 203(e)(1).

159.     Defendant Doll House was, and is, required to pay its employees, Plaintiffs Jane Does 1 and 2, and the putative Doll House Collective Action Members, at least the minimum wage for all hours worked under forty in a given workweek. 29 U.S.C. § 206.

160.     Defendant Doll House was, and is, required to pay its employees, Plaintiffs Jane Does 1 and 2,and the putative Doll House Collective Action Members, overtime premiums in an amount of one and one half times their regular rate of pay for all hours worked over forty hours in a given workweek. 29 U.S.C. § 207.

161.     Defendant Doll House failed to pay Plaintiffs Jane Does 1 and 2, and the putative Doll House Collective Action Members their federally mandated overtime wages for all hours worked over forty in a given workweek.

162.     Defendant Doll House also unlawfully retained certain tips. Those tips were the sole property of Plaintiffs Jane Does 1 and 2, and the putative Doll House Collective Action Members, and were not made part of Defendant's gross receipts. 29 C.F.R. §§ 531.52, 531.53, & 531.55.

163.     No tip credit applies to reduce or offset Defendant Doll House's liability under the FLSA, because Defendant did not inform Plaintiffs Jane Does 1 and 2, and the putative Doll House Collective Action Members that it would be applying a tip credit to satisfy a portion of the statutory minimum wage, nor did Plaintiffs Jane Does 1 and 2, and the putative Doll House Collective Action Members retain all tips, except those included in a tipping pool among employees who customarily receive tips. 29 U.S.C. § 203(m).

164.     Accordingly, Plaintiffs Jane Does 1 and 2, and the putative Doll House Collective Action Members are entitled to the full statutory minimum wages set forth in 29 U.S.C. § 206 & 207.

165.     Defendant Doll House's conduct was willful and done to avoid paying minimum wages and overtime. 29 U.S.C. § 255(a). Therefore, Plaintiffs Jane Does 1 and 2, and the putative Doll House Collective Action Members are entitled to a three (3) year statute of limitations.

166.     Plaintiffs Jane Does 1 and 2, and the putative Doll House Collective Action Members seek all damages to which they are entitled under the FLSA, including their back minimum wages, back overtime wages, liquidated damages, attorneys' fees and costs, post-judgment interest, and specifically plead recovery for the three (3) year period preceding the filing of this lawsuit through its resolution.

167.     Defendant Doll House failed to pay Plaintiffs Jane Does 1 and 2, and the putative Doll House Collective Action Members the federally-mandated minimum wage for all hours worked under forty in a given workweek. Moreover, Defendant Doll House did not pay any overtime; it did not pay Plaintiffs Jane Does 1 and 2, or the Doll House Collective Action

Members at all. Accordingly, Defendant Doll House violated the FLSA minimum wage and overtime provisions.

**Second Claim: Fair Labor Standards Act: Failure to Pay Minimum Wages and Overtime Against House of Babes Defendants**
**(On Behalf Of the House of Babes Collective Action Members)**

168. Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

169. The foregoing conduct, as alleged, violated the FLSA.

170. Plaintiff Jane Doe 3 and the putative House of Babes Collective Action Members are nonexempt employees entitled to be paid overtime compensation for all overtime hours worked, as defined above. *See* 29 U.S.C. § 203(e)(1).

171. House of Babes Defendants were, and are, required to pay employees, Plaintiff Jane Doe 3 and the putative House of Babes Collective Action Members, at least the minimum wage for all hours worked under forty in a given workweek. 29 U.S.C. § 206.

172. House of Babes Defendants were, and are, required to pay employees, Plaintiff Jane Doe 3 and the putative House of Babes Collective Action Members, overtime premiums in an amount of one and one half times their regular rate of pay for all hours worked over forty hours in a given workweek. 29 U.S.C. § 207.

173. House of Babes Defendants failed to pay Plaintiff Jane Doe 3 and the putative House of Babes Collective Action Members their federally mandated overtime wages for all hours worked over forty in a given workweek.

174. House of Babes Defendants also unlawfully retained certain tips. Those tips were the sole property of Plaintiff Jane Doe 3 and the putative House of Babes Collective Action

Members, and were not made part of House of Babes Defendants' gross receipts. 29 C.F.R. §§ 531.52, 531.53, & 531.55.

175.    No tip credit applies to reduce or offset House of Babes Defendants' liability under the FLSA, because Defendants did not inform Plaintiff Jane Does 3 and the putative House of Babes Collective Action Members a tip credit applied to satisfy a portion of the statutory minimum wage, nor did Plaintiff Jane Doe 3 and the putative House of Babes Collective Action Members retain all tips, except those included in a tipping pool among employees who customarily receive tips. 29 U.S.C. § 203(m).

176.    Accordingly, Plaintiff Jane Doe 3 and the putative House of Babes Collective Action Members are entitled to the full statutory minimum wages set forth in 29 U.S.C. § 206 & 207.

177.    House of Babes Defendants' conduct was willful and done to avoid paying minimum wages and overtime. 29 U.S.C. § 255(a). Therefore, Plaintiff Jane Doe 3 and the putative House of Babes Collective Action Members are entitled to a three (3) year statute of limitations.

178.    Plaintiff Jane Doe 3 and the putative House of Babes Collective Action Members seek all damages to which they are entitled under the FLSA, including their back minimum wages, back overtime wages, liquidated damages, attorneys' fees and costs, post-judgment interest, and specifically plead recovery for the three (3) year period preceding the filing of this lawsuit through its resolution.

179.    House of Babes Defendants failed to pay Plaintiff Jane Doe 3 and the putative House of Babes Collective Action Members the federally-mandated minimum wage for all hours worked under forty in a given workweek. Moreover, House of Babes Defendants did not pay any

36

overtime; it did not pay Plaintiff Jane Doe 3 or the House of Babes Collective Action Members at all. Accordingly, House of Babes Defendants violated the FLSA minimum wage and overtime provisions.

### Third Claim: Fair Labor Standards Act: Failure to Pay Minimum Wages and Overtime Against Private Dancer Defendants
### (On Behalf Of the Private Dancer Collective Action Members)

180.    Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

181.    The foregoing conduct, as alleged, violated the FLSA.

182.    Plaintiff Jane Doe 2and the putative Private Dancer Collective Action Members are nonexempt employees entitled to be paid overtime compensation for all overtime hours worked, as defined above. *See* 29 U.S.C. § 203(e)(1).

183.    Private Dancer Defendants were, and are, required to pay employees, Plaintiff Jane Doe 2 and the putative Private Dancer Collective Action Members, at least the minimum wage for all hours worked under forty in a given workweek. 29 U.S.C. § 206.

184.    Private Dancer Defendants were, and are, required to pay employees, Plaintiff Jane Doe 2 and the putative Private Dancer Collective Action Members, overtime premiums in an amount of one and one half times their regular rate of pay for all hours worked over forty hours in a given workweek. 29 U.S.C. § 207.

185.    Private Dancer Defendants failed to pay Plaintiff Jane Doe 2 and the putative Private Dancer Collective Action Members their federally mandated overtime wages for all hours worked over forty in a given workweek.

186.    Private Dancer Defendants also unlawfully retained certain tips. Those tips were the sole property of Plaintiff Jane Doe 2and the putative Private Dancer Collective Action

Members, and were not made part of Private Dancer Defendants' gross receipts. 29 C.F.R. §§ 531.52, 531.53, & 531.55.

187.　No tip credit applies to reduce or offset Private Dancer Defendants' liability under the FLSA, because Defendants did not inform Plaintiff Jane Does 2 and the putative Private Dancer Collective Action Members a tip credit applied to satisfy a portion of the statutory minimum wage, nor did Plaintiff Jane Doe 2 and the putative Private Dancer Collective Action Members retain all tips, except those included in a tipping pool among employees who customarily receive tips. 29 U.S.C. § 203(m).

188.　Accordingly, Plaintiff Jane Doe 2 and the putative Private Dancer Collective Action Members are entitled to the full statutory minimum wages set forth in 29 U.S.C. § 206 & 207.

189.　Private Dancer Defendants' conduct was willful and done to avoid paying minimum wages and overtime. 29 U.S.C. § 255(a). Therefore, Plaintiff Jane Doe 2 and the putative Private Dancer Collective Action Members are entitled to a three (3) year statute of limitations.

190.　Plaintiff Jane Doe 2 and the putative Private Dancer Collective Action Members seek all damages to which they are entitled under the FLSA, including their back minimum wages, back overtime wages, liquidated damages, attorneys' fees and costs, post-judgment interest, and specifically plead recovery for the three (3) year period preceding the filing of this lawsuit through its resolution.

191.　Private Dancer Defendants failed to pay Plaintiff Jane Doe 2 and the putative Private Dancer Collective Action Members the federally-mandated minimum wage for all hours worked under forty in a given workweek. Moreover, Private Dancer Defendants did not pay any

overtime; it did not pay Plaintiff Jane Doe 2 or the Private Dancer Collective Action Members at all. Accordingly, Private Dancer Defendants violated the FLSA minimum wage and overtime provisions.

### Fourth Claim: Fair Labor Standards Act: Failure to Pay Minimum Wages and Overtime Against Club X Defendants
### (On Behalf Of the Club X Collective Action Members)

192. Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

193. The foregoing conduct, as alleged, violated the FLSA.

194. Plaintiff Jane Doe 2 and the putative Club X Collective Action Members are nonexempt employees entitled to be paid overtime compensation for all overtime hours worked, as defined above. *See* 29 U.S.C. § 203(e)(1).

195. Club X Defendants were, and are, required to pay employees, Plaintiff Jane Doe 2 and the putative Club X Collective Action Members, at least the minimum wage for all hours worked under forty in a given workweek. 29 U.S.C. § 206.

196. Club X Defendants were, and are, required to pay employees, Plaintiff Jane Doe 2 and the putative Club X Collective Action Members, overtime premiums in an amount of one and one half times their regular rate of pay for all hours worked over forty hours in a given workweek. 29 U.S.C. § 207.

197. Club X Defendants failed to pay Plaintiff Jane Doe 2 and the putative Club X Collective Action Members their federally mandated overtime wages for all hours worked over forty in a given workweek.

198. Club X Defendants also unlawfully retained certain tips. Those tips were the sole property of Plaintiff Jane Doe 2 and the putative Club X Collective Action Members, and were not made part of Club X Defendants' gross receipts. 29 C.F.R. §§ 531.52, 531.53, & 531.55.

199. No tip credit applies to reduce or offset Club X Defendants' liability under the FLSA, because Defendants did not inform Plaintiff Jane Doe 2 and the putative Club X Collective Action Members a tip credit applied to satisfy a portion of the statutory minimum wage, nor did Plaintiff Jane Doe 2and the putative Club X Collective Action Members retain all tips, except those included in a tipping pool among employees who customarily receive tips. 29 U.S.C. § 203(m).

200. Accordingly, Plaintiff Jane Doe 2 and the putative Club X Collective Action Members are entitled to the full statutory minimum wages set forth in 29 U.S.C. § 206 & 207.

201. Club X Defendants' conduct was willful and done to avoid paying minimum wages and overtime. 29 U.S.C. § 255(a). Therefore, Plaintiff Jane Doe 2 and the putative Club X Collective Action Members are entitled to a three (3) year statute of limitations.

202. Plaintiff Jane Doe 2 and the putative Club X Collective Action Members seek all damages to which they are entitled under the FLSA, including their back minimum wages, back overtime wages, liquidated damages, attorneys' fees and costs, post-judgment interest, and specifically plead recovery for the three (3) year period preceding the filing of this lawsuit through its resolution.

203. Club X Defendants failed to pay Plaintiff Jane Doe 2 and the putative Club X Collective Action Members the federally-mandated minimum wage for all hours worked under forty in a given workweek. Moreover, Club X Defendants did not pay any overtime; it did not

pay Plaintiff Jane Doe 2 or the Club X Collective Action Members at all. Accordingly, Club X Defendants violated the FLSA minimum wage and overtime provisions.

**Fifth claim: Ohio Minimum Fair Wage Act Violations- Failure to Pay Minimum Wages and Overtime Wages O.R.C. § 4111.01,** *et seq.*
**Against Doll House Defendants**
**(On Behalf Of the Doll House Class Action Members)**

204.     Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

205.     Defendant Doll House failed to pay wages including overtime to Plaintiffs Jane Does 1 and 2, and putative Doll House Class Action Members.

206.     Defendant Doll House's failure to pay proper minimum and overtime wages to Plaintiffs Jane Does 1 and 2, and putative Doll House Class Action Members for each hour worked including but not limited to those hours worked in excess of forty hours per week was willful within the meaning of the Ohio Minimum Fair Wage Standards Act and in reckless disregard of applicable law.

207.     Plaintiffs Jane Does 1 and 2, on behalf of themselves and the putative Doll House Class Action Members, seek restitution in the amount of the respective unpaid overtime wages earned and due at a rate of not less than one and one half times the regular rate of pay for all hours worked over forty in a given workweek.

208.     As a result of Defendant Doll House's illegal actions, Plaintiffs Jane Does 1 and 2 thereon as well Doll House Class Action Members suffered lost wages and other losses such as incurring the costs of attorneys' fees associated with this action. Thus, they seek attorneys' fees.

**Sixth claim: Ohio Minimum Fair Wage Act Violations- Failure to Pay Minimum Wages
and Overtime Wages O.R.C. § 4111.01, *et seq*.
Against House of Babes Defendants
(On Behalf Of the House of Babes Class Action Members)**

209.    Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

210.    House of Babes Defendants failed to pay wages including overtime to Plaintiff Jane Doe 3 and putative House of Babes Class Action Members.

211.    House of Babes Defendants' failure to pay proper minimum and overtime wages to Plaintiff Jane Doe 3 and putative House of Babes Class Action Members for each hour worked including but not limited to those hours worked in excess of forty hours per week was willful within the meaning of the Ohio Minimum Fair Wage Standards Act and in reckless disregard of applicable law.

212.    Plaintiff Jane Doe 3, on behalf of herself and the putative House of Babes Class Action Members, seek restitution in the amount of the respective unpaid overtime wages earned and due at a rate of not less than one and one half times the regular rate of pay for all hours worked over forty in a given workweek.

213.    As a result of House of Babes Defendants' illegal actions, Plaintiffs Jane Doe 3 thereon as well House of Babes Class Action Members suffered lost wages and other losses such as incurring the costs of attorneys' fees associated with this action. Thus, they seek attorneys' fees.

**Seventh claim: Ohio Minimum Fair Wage Act Violations- Failure to Pay Minimum Wages and Overtime Wages O.R.C. § 4111.01, *et seq*.**
**Against Private Dancer Defendants**
**(On Behalf Of the Private Dancer Class Action Members)**

214.     Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

215.     Private Dancer Defendants failed to pay wages including overtime to Plaintiff Jane Doe 2 and putative Private Dancer Class Action Members.

216.     Private Dancer Defendants' failure to pay proper minimum and overtime wages to Plaintiff Jane Doe 2 and putative Private Dancer Class Action Members for each hour worked including but not limited to those hours worked in excess of forty hours per week was willful within the meaning of the Ohio Minimum Fair Wage Standards Act and in reckless disregard of applicable law.

217.     Plaintiff Jane Doe 2, on behalf of herself and the putative Private Dancer Class Action Members, seek restitution in the amount of the respective unpaid overtime wages earned and due at a rate of not less than one and one half times the regular rate of pay for all hours worked over forty in a given workweek.

218.     As a result of Private Dancer Defendants' illegal actions, Plaintiffs Jane Doe 2 thereon as well Private Dancer Class Action Members suffered lost wages and other losses such as incurring the costs of attorneys' fees associated with this action. Thus, they seek attorneys' fees.

**Eighth claim: Ohio Minimum Fair Wage Act Violations- Failure to Pay Minimum Wages
and Overtime Wages O.R.C. § 4111.01,** *et seq.*
**Against Club X Defendants
(On Behalf Of the Club X Class Action Members)**

219.    Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

220.    Club X Defendants failed to pay wages including overtime to Plaintiff Jane Doe 2 and putative Club X Class Action Members.

221.    Club X Defendants' failure to pay proper minimum and overtime wages to Plaintiff Jane Doe 2 and putative Club X Class Action Members for each hour worked including but not limited to those hours worked in excess of forty hours per week was willful within the meaning of the Ohio Minimum Fair Wage Standards Act and in reckless disregard of applicable law.

222.    Plaintiff Jane Doe 2, on behalf of herself and the putative Club X Class Action Members, seek restitution in the amount of the respective unpaid overtime wages earned and due at a rate of not less than one and one half times the regular rate of pay for all hours worked over forty in a given workweek.

223.    As a result of Club X Defendants' illegal actions, Plaintiffs Jane Doe 2 thereon as well Club X Class Action Members suffered lost wages and other losses such as incurring the costs of attorneys' fees associated with this action. Thus, they seek attorneys' fees.

**Ninth Claim: Ohio Semi-Monthly Payment Act O.R.C. § 4113.15
Against Doll House Defendants
(On Behalf Of the Doll House Class Action Members)**

224.    Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

225.    During all times material to this complaint, Defendant Doll House was an entity and or individual covered by the Ohio Semi-Monthly Payment Act, and Plaintiffs Jane Does 1 and 2, and the Doll House Class Action Members are/were employed by Defendant within the meaning of the Ohio Semi-Monthly Payment Act.

226.    The Ohio Semi-Monthly Payment Act requires Defendant Doll House to pay Plaintiffs Jane Does 1 and 2, and the Doll House Class Action Members all wages, including unpaid overtime, and the pay that was improperly deducted, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month.  *See* O.R.C. § 4113.15(A).

227.    During all times relevant to this complaint, Plaintiffs Jane Does 1 and 2, and the Doll House Class Action Members are/were not paid wages, described as overtime wages at one and one-half times their regular hourly rate and the pay improperly deducted, within thirty days of performing the work. *See* O.R.C. §4113.15(B).

228.    Defendant Doll House failed to timely pay Doll House Class Action Members according to O.R.C. § 4113.15—indeed Defendant did not pay Doll House Class Action Members at all. Plaintiffs Jane Does 1 and 2, on behalf of themselves and Doll House Class Action Members seek wages owed and interest due pursuant to O.R.C. § 4113.15.

### Tenth Claim: Ohio Semi-Monthly Payment Act O.R.C. § 4113.15
### Against House of Babes Defendants
### (On Behalf Of the House of Babes Class Action Members)

229.    Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

230.     During all times material to this complaint, House of Babes Defendants were an entity and or individual covered by the Ohio Semi-Monthly Payment Act, and Plaintiff Jane Doe 3 and the House of Babes Class Action Members are/were employed by Defendant within the meaning of the Ohio Semi-Monthly Payment Act.

231.     The Ohio Semi-Monthly Payment Act requires House of Babes Defendants to pay Plaintiff Jane Doe 3, and the House of Babes Class Action Members all wages, including unpaid overtime, and the pay that was improperly deducted, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

232.     During all times relevant to this complaint, Plaintiff Jane Doe 3, and the House of Babes Class Action Members are/were not paid wages, described as overtime wages at one and one-half times their regular hourly rate and the pay improperly deducted, within thirty days of performing the work. *See* O.R.C. §4113.15(B).

233.     House of Babes Defendants failed to timely pay House of Babes Class Action Members according to O.R.C. § 4113.15—indeed Defendants did not pay House of Babes Class Action Members at all. Plaintiff Jane Doe 3 on behalf of herself and House of Babes Class Action Members seek wages owed and interest due pursuant to O.R.C. § 4113.15.

### Eleventh Claim: Ohio Semi-Monthly Payment Act O.R.C. § 4113.15
### Against Private Dancer Defendants
### (On Behalf Of the Private Dancer Class Action Members)

234.     Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

46

235. During all times material to this complaint, Private Dancer Defendants were an entity and or individual covered by the Ohio Semi-Monthly Payment Act, and Plaintiff Jane Doe 2, and the Private Dancer Class Action Members are/were employed by Defendant within the meaning of the Ohio Semi-Monthly Payment Act.

236. The Ohio Semi-Monthly Payment Act requires Private Dancer Defendants to pay Plaintiff Jane Doe 2, and the Private Dancer Class Action Members all wages, including unpaid overtime, and the pay that was improperly deducted, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

237. During all times relevant to this complaint, Plaintiff Jane Doe 2, and the Private Dancer Class Action Members are/were not paid wages, described as overtime wages at one and one-half times their regular hourly rate and the pay improperly deducted, within thirty days of performing the work. *See* O.R.C. §4113.15(B).

238. Private Dancer Defendants failed to timely pay Private Dancer Class Action Members according to O.R.C. § 4113.15—indeed Defendants did not pay Private Dancer Class Action Members at all. Plaintiff Jane Doe 2, on behalf of herself and Private Dancer Class Action Members seek wages owed and interest due pursuant to O.R.C. § 4113.15.

**Twelfth Claim: Ohio Semi-Monthly Payment Act O.R.C. § 4113.15**
**Against Club X Defendants**
**(On Behalf Of the Club X Class Action Members)**

239. Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

240.    During all times material to this complaint, Club X Defendants were an entity and or individual covered by the Ohio Semi-Monthly Payment Act, and Plaintiff Jane Doe 2, and the Club X Class Action Members are/were employed by Defendant within the meaning of the Ohio Semi-Monthly Payment Act.

241.    The Ohio Semi-Monthly Payment Act requires Club X Defendants to pay Plaintiff Jane Doe 2, and the Club X Class Action Members all wages, including unpaid overtime, and the pay that was improperly deducted, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month.  *See* O.R.C. § 4113.15(A).

242.    During all times relevant to this complaint, Plaintiff Jane Doe 2, and the Club X Class Action Members are/were not paid wages, described as overtime wages at one and one-half times their regular hourly rate and the pay improperly deducted, within thirty days of performing the work. *See* O.R.C. §4113.15(B).

243.    Club X Defendants failed to timely pay Club X Class Action Members according to O.R.C. § 4113.15—indeed Defendants did not pay Club X Class Action Members at all. Plaintiff Jane Doe 2, on behalf of herself and Club X Class Action Members seek wages owed and interest due pursuant to O.R.C. § 4113.15.

### Thirteenth Claim: Unjust Enrichment
### Against Doll House Defendants
### (On Behalf Of the Doll House Class Action Members)

244.    Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

245.    Plaintiffs Jane Does 1 and 2, and the Doll House Class Action Members performed work and services that conferred a benefit upon Doll House Defendants were integral to their financial success.

246.   Defendant Doll House had knowledge that Plaintiffs Jane Does 1 and 2, and Doll House Class Action Members performed this work and of the benefit it incurred as a result.

247.   Defendant Doll House retained the benefit of the work and services of Plaintiffs Jane Does 1 and 2, and Doll House Class Action Members.

248.    Under the circumstances, retention of this benefit by Defendant Doll House would be unjust without payment to Plaintiffs Jane Does 1 and 2, and Doll House Class Action Members.

249.    Defendant Doll House was unjustly enriched and owes Plaintiffs Jane Does 1 and 2, and Doll House Class Action Members for the retention of the benefit resulting from their work and services including money damages.

**Fourteenth Claim: Unjust Enrichment**
**Against House of Babes Defendants**
**(On Behalf Of the House of Babes Class Action Members)**

250.    Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

251.    Plaintiff Jane Doe 3, and the House of Babes Class Action Members performed work and services that conferred a benefit upon House of Babes Defendants were integral to their financial success.

252.   House of Babes Defendants had knowledge that Plaintiff Jane Doe 3 and House of Babes Class Action Members performed this work and of the benefit it incurred as a result.

49

253. House of Babes Defendants retained the benefit of the work and services of Plaintiff Jane Doe 3, and House of Babes Class Action Members.

254. Under the circumstances, retention of this benefit by House of Babes Defendants would be unjust without payment to Plaintiff Jane Doe 3 and House of Babes Class Action Members.

255. House of Babes Defendants were unjustly enriched and owe Plaintiff Jane Doe 3 and House of Babes Class Action Members for the retention of the benefit resulting from their work and services including money damages.

**Fifteenth Claim: Unjust Enrichment**
**Against Private Dancer Defendants**
**(On Behalf Of the Private Dancer Class Action Members)**

256. Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

257. Plaintiff Jane Doe 2 and the Private Dancer Class Action Members performed work and services that conferred a benefit upon Private Dancer Defendants were integral to their financial success.

258. Private Dancer Defendants had knowledge that Plaintiff Jane Doe 2 and Private Dancer Class Action Members performed this work and of the benefit it incurred as a result.

259. Private Dancer Defendants retained the benefit of the work and services of Plaintiff Jane Doe 2 and Private Dancer Class Action Members.

260. Under the circumstances, retention of this benefit by Private Dancer Defendants would be unjust without payment to Plaintiff Jane Doe 2 and Private Dancer Class Action Members.

50

261.    Private Dancer Defendants were unjustly enriched and owe Plaintiff Jane Doe 2 and Private Dancer Class Action Members for the retention of the benefit resulting from their work and services including money damages.

### Sixteenth Claim: Unjust Enrichment
### Against Club X Defendants
### (On Behalf Of the Club X Class Action Members)

262.    Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

263.    Plaintiff Jane Doe 2 and the Club X Class Action Members performed work and services that conferred a benefit upon Club X Defendants were integral to their financial success.

264.    Club X Defendants had knowledge that Plaintiff Jane Doe 2 and Club X Class Action Members performed this work and of the benefit it incurred as a result.

265.    Club X Defendants retained the benefit of the work and services of Plaintiff Jane Doe 2 and Club X Class Action Members.

266.    Under the circumstances, retention of this benefit by Club X Defendants would be unjust without payment to Plaintiff Jane Doe 2 and Club X Class Action Members.

267.    Club X Defendants were unjustly enriched and owe Plaintiff Jane Doe 2 and Club X Class Action Members for the retention of the benefit resulting from their work and services including money damages.

### Seventeenth Claim: Antitrust Violations
### Against Defendants
### (On Behalf Of the Statewide Conspiracy Class Action Members)

268.    Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

269.    All known and unknown Defendants, which encompass gentlemen's clubs and trade organizations throughout Ohio, conspired and colluded to deny Dancers in clubs across the state, including Plaintiffs, their rightful minimum wages and to require Dancers to pay artificial and illegal fees to clubs to work at clubs, such as Defendants, including a fee that is considered to be "rent" pursuant to a Dancer-Tenant agreement.

270.    The conspiracy was formed knowingly, voluntarily, and intentionally, and existed throughout the entire time period covered by this Complaint.

271.    Defendants, knowingly, voluntarily, and intentionally joined in the conspiracy.

272.    The conspiracy substantially affected interstate commerce and or occurred within the flow of interstate commerce.

273.    Defendants utilize a fraudulent Tenant-Dancer lease agreement.

274.    Defendants and clubs throughout the state conspired to concoct and fix, and did in-fact fix, the wages pay Dancers (zero) and the price of "rent" Dancers owe to clubs.

275.    Defendants and clubs throughout the state have actually exacted rent charges from Dancers working at their clubs.

276.    Defendants' anticompetitive conduct has restrained or eliminated price competition with respect to Plaintiffs and putative Statewide Conspiracy Class Action Members. Plaintiffs and putative Statewide Conspiracy Class Action Members have suffered injury to their business or property because they have been paid less than they would have in the absence of Defendants' illegal contracts and conspiracy.

277.    The conspiracy of Defendants and other unknown BACE Ohio clubs throughout Ohio, and the acts in furtherance of the conspiracy, constitute illegal price-fixing in violation of

Section 1 of the Sherman Act under 15 U.S.C. § 1 and the Ohio Valentine Act under R.C. § 1331.01 *et seq.*

278.    Plaintiffs and the Statewide Conspiracy Class are entitled to treble damages; injunctive relief barring Defendants in active concert or participation from using, promoting, promulgating, and / or enforcing the unlawful tenant system, and from exacting illegal "rent" and damages; and equitable relief in the form of full restitution of "rent" and damage charges unlawfully collected.

### Eighteenth Claim: Civil Conspiracy
### (On Behalf Of the Statewide Conspiracy Class Action Members)

279.    Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

280.    Defendants and member clubs throughout Ohio have conspired and colluded to deny Dancers in clubs across the state, including Plaintiffs, their rightful minimum wages in violation of Ohio law.

281.    Plaintiffs and the putative members Statewide Conspiracy Class are entitled to compensatory damages, punitive damages, and equitable restitution of all unlawfully denied wages, and collected "rent," fees, and other charges.

### Nineteenth Claim: Unjust Enrichment
### (On Behalf Of the Class Action Members)

282.    Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

283.    Plaintiffs and the Statewide Conspiracy Class Action Members performed work and services that conferred a benefit upon Defendants that were integral to the financial success of Defendants' businesses.

284.   Defendants had knowledge that Plaintiffs and Statewide Conspiracy Class Action Members performed this work and of the benefit it incurred as a result of the conspiracy detailed in the allegations contained herein.

285.   Defendants retained the benefit of the work and services of Plaintiffs and Statewide Conspiracy Class Action Members.

286.   Under the circumstances, retention of this benefit by Defendants would be unjust without payment to Plaintiffs and Statewide Conspiracy Class Action Members.

287.   Defendants were unjustly enriched and owe Plaintiffs and Statewide Conspiracy Class Action Members for the retention of the benefit resulting from their work and services including money damages.

## **PRAYER FOR RELIEF**

**Wherefore**, Plaintiffs and similarly situated individuals are entitled to and pray for the following relief:

A.   Certification of this action as a class action pursuant to Fed.R.Civ.P.23(b)(2) and (3) on behalf of the (1) Doll House Class Action Members, (2) House of Babes Class Action Members, (3) Private Dancer Class Action Members, (4) Club X Class Action Members, and (5) the Statewide Conspiracy Class Action Members, and appointment of Plaintiffs and her counsel to represent the Class Action Members;

B.   Designation of this action as a collective action on behalf of (1) Doll House Collective Action Members, (2) House of Babes Collective Action Members, (3) Private Dancer Collective Action Members, (4) Club X Collective Action Members, and prompt issuance of notice to all similarly-situated members of

54

an opt-in classes, apprising them of this action, permitting them to assert timely wage and hour claims in this action and appointment of Plaintiffs and their counsel to represent the members of the Collective Actions;

C.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and OMFWSA;

D.  An award of unpaid wages due under the FLSA, the OMFWSA and O.R.C. § 4113.15, and the Ohio Semi-Monthly Payment Act O.R.C. § 4113.15;

E.  Interest owed and statutory penalty fines/fees in accordance with the Ohio Semi-Monthly Payment Act O.R.C. § 4113.15;

F.  An award of liquidated and treble damages as a result of Defendants' failure to pay minimum wages and overtime pursuant to 29 U.S.C. § 216 and O.R.C. §§ 4111.01, *et seq.*;

G.  An award of prejudgment and post judgment interest;

H.  An award of compensatory damages;

I.  An award of treble damages under antitrust laws;

J.  An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees;

K.  Injunctive relief barring Defendants in active concert or participation from using, promulgating, and enforcing the unlawful tenant system; exacting illegal "rent" and damages; and engaging in further anticompetitive conspiracies; and

L.  Such other legal and equitable relief as this Court deems appropriate.

Respectfully submitted,

55

/s/ Steven C. Babin, Jr.
Steven C. Babin, Jr.    (0093584)
Lance Chapin          (0069473)
Chapin Legal Group, LLC
580 South High Street, Suite 330
Columbus, Ohio  43215
Telephone:    614.221.9100
Facsimile:    614.221.9272
E-mail:       steven.babin@chapinlegal.com
              lance.chapin@chapinlegal.com

Attorneys for Plaintiffs
Jane Doe 1, *et al.*


## JURY TRIAL DEMAND

Plaintiffs demand trial by jury on all issues.

/s/ Steven C. Babin, Jr.
Steven C. Babin, Jr.    (0093584)
Chapin Legal Group, LLC

Attorney for Plaintiffs
Jane Doe 1, *et al.*